Dear Mr. Adams:
On behalf of the Fifth Louisiana Levee District (Levee District) you have requested an opinion of this office as to whether a forty acre tract owned by the Levee District in Concordia Parish can be exchanged for a better and more accessible tract to the advantage of the Levee District. You point out that our Opinion No. 76-20 indicates that such a transaction is not permissible, but in Opinion No. 90-458 this office stated that such a transaction was permissible. Additionally, you request whether or not there are any procedures or requirements that would be involved in appraising or advertising such an exchange by a Levee District.
It is the opinion of this office that the general powers of a Levee District to buy and sell property found in La. R.S.38:306(A) would not authorize a Levee District to exchange property with either a private person or another governmental entity. It should be noted that Opinion No. 90-458, which concluded that an exchange was permissible under La. R. S.38:306(A), stated that such a transaction must comply with the public advertising and bid requirements contained in La. R.S.38:320. Public advertising and bid requirements are necessary in the sale or lease of public property in order to insure that these transactions are subject to public scrutiny, and to maximize the consideration to be received by public entities in such transactions. While public scrutiny of an exchange transaction is desirable in dealing with a private person, it is not so critical in such a transaction involving two public entities. Furthermore, whether dealing with a private person or another public entity, a true exchange results in the receipt of another piece of property of equivalent value; and, therefore, there is no real maximizing of the consideration received by the public entities in such a transaction.
It is noted that the resolution of Levee District requesting the present opinion indicates that the forty acre tract belonging to the Levee District is not accessible by either public or private roads, and is surrounded on three sides by property owned by the individuals proposing the exchange. Thus, it appears that this particular piece of property is not being utilized or serving any public purpose. Given these facts, the Levee District may wish to seek legislative authority to exchange Levee District land that is no longer needed for a public purpose for other land of comparable value. We would refer you to the general grant of authority given by the legislature to the Vermilion Parish School Board in matters such as this. See: La. R.S. 41:895. You will note that the statute protects the public interest by requiring the school board to hold a public hearing to receive public comment; and that prior to the public hearing there must be an appraisal of the lands being considered for exchange, which appraisal shall be available for public inspection at the hearing. However, any legislative grant of authority to exchange land that was conveyed by the State of Louisiana to a Levee District for construction of a levee that is no longer needed for such purpose can not be exchanged because such land would revert to state ownership and control. La. R.S. 41:138.
If you have any further questions concerning this request, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ROBERT H. CARPENTER, JR. Assistant Attorney General